UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| RSUI INDEMNITY COMPANY | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| PIERCE CONSTRUCTION, INC., MATTHEW A. GIROUARD AND COMMERCE AND INDUSTRY COMPANY | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes RSUI Indemnity Company ("RSUI") and represents as follows.

Parties

1.

Made defendants herein are:

  A. Pierce Construction, Inc. ("Pierce"), a Texas corporation authorized to do and doing business in Louisiana, and which may be served through its registered agent for service of process, John Wright, 100 Petroleum Drive, Lafayette, Louisiana 70508.

- 1 -

B. Matthew A. Girouard, an individual residing in Louisiana who may be served at his residence address, 12753 Denise Drive, Keithville, Louisiana 71047.

C. Commerce and Industry Insurance Company, a New York Corporation authorized to do and doing business in the State of Louisiana, and which may be served through its registered agent for service of process, The Honorable Tom Schedler, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

Jurisdiction and Venue

2.

RSUI is a New Hampshire corporation with its principal place of business in Atlanta, Georgia.

3.

This action is between citizens of different states and the amount in controversy in the underlying lawsuit which has prompted this declaratory judgment action, exceeds

$75,000.00, exclusive of interest and costs. Therefore, jurisdiction lies under 28 USC § 1332(a).

4.

Venue is proper in this district under 28 USC § 1391(a) and (c) because defendants and/or their registered agents are subject to personal jurisdiction in the State of Louisiana and in this district, and the event giving rise to the underlying lawsuit and the claims at issue in this action occurred in this district.

Background Facts

5.

This is an action by RSUI seeking a judicial declaration of no coverage under a policy of insurance issued by RSUI to Pierce. The policy is a commercial umbrella liability policy, bearing number NHN033822, encompassing the period 02/21/2006 to 02/21/2007. RSUI pleads the terms, conditions and exclusions of the policy as though fully set out herein, and attaches to this complaint as Exhibit A, a true and correct copy of said policy.

6.

On April 10, 2007 Matthew A. Girouard and others filed a suit entitled *Matthew A.*

*Girouard, Stephen W. Opbrook, Hanover Insurance Company and Panola-Harrison Electric Cooperative, Inc. versus Pierce Construction, Inc., Goodrich Petroleum Company, LLC, Charlie Piper, Travelers Commercial Insurance Company and Chubb Group of Insurance Companies,* number 511-198 on the docket of the First Judicial District Court, Caddo Parish, Louisiana ("underlying lawsuit"). In the original petition which instituted the underlying lawsuit, Matthew A. Girouard claims that he sustained serious, painful and permanent bodily injuries resulting in past, present and future damages as a consequence of a motor vehicle accident which occurred on April 21, 2006 on Louisiana Highway 169, approximately 8.5 miles south of its intersection with Louisiana Highway 525 in Caddo Parish.

7.

The original petition in the underlying lawsuit alleges that Matthew A. Girouard and Stephen W. Opbrook were employees of Panola-Harrison Electric Cooperative, Inc., who were responding to a work-related call at approximately 4:10 a.m., in rainy weather and traveling on the rural, unlit highway in a company truck driven by Opbrook with Girouard as a passenger, when they "suddenly encountered a large mudflow on the roadway", which caused the vehicle to slide, flip over, leave the roadway and strike several trees.

8.

Matthew A. Girouard, the only remaining plaintiff in the underlying lawsuit, further alleges that "the mudflow had migrated onto the roadway from a dirt road constructed by PIERCE". Attached to this complaint as Exhibit B is a copy of the Original Petition For Damages filed in the underlying lawsuit.

9.

In the original and first supplemental petitions filed in the underlying lawsuit, Matthew A. Girouard alleged that a cause of the motor vehicle accident was the negligence of Pierce:

> "A.   *In failing to provide for adequate drainage under the dirt road it constructed;*
>
> B.   *In allowing mud from the dirt road to flow onto the highway;*
>
> C.   *In allowing its agents, employees, or representatives to track mud and debris onto the roadway;*
>
> D.   *In failing to construct the "driveway" onto LA Highway 169 in accordance with the permit issued by the Louisiana Department of Transportation and Development;*
>
> E.   *In removing the culvert from underneath the "driveway";*
>
> F.   *In failing to replace the culvert underneath the "driveway;" and*

> G.    *In other acts of negligence to be established at the trial of this case."*

Attached as Exhibit C is a copy of the First Amending and Supplement Petition filed in the underlying lawsuit.

10.

In the underlying lawsuit the Chubb Group of Insurance Companies is alleged to provide coverage for the liability asserted against Pierce. On information and belief, at the time of the motor vehicle accident Pierce was insured under a policy issued by Great Northern Insurance Company, a member of the Chubb Group, which afforded coverage in the amount of $1 million.

11.

Evidence in the underlying lawsuit indicates the possibility that a judgment in favor of Matthew A. Girouard and against Pierce could exceed the $1 million coverage limit under the Great Northern policy. RSUI is not a party to the underlying lawsuit.

### Basis For RSUI's Request For Declaratory Judgment

12.

The aforesaid Great Northern policy constitutes the insurance underlying RSUI's

- 6 -

umbrella policy, which insures Pierce against liability for "bodily injury" or "property damage" to which the RSUI policy applies. Since becoming aware of the potential exposure, RSUI has put Pierce on notice of its reservation of rights to deny coverage for any liability Pierce may incur in the underlying lawsuit, by way of a certified letter addressed to the insured on March 29, 2011. By way of this declaratory judgment action, RSUI seeks a judgment declaring that its policy provides no coverage for the claims asserted by Matthew A. Girouard in the underlying lawsuit and that RSUI has no duty to defend or indemnify Pierce in that lawsuit.

13.

The RSUI policy includes Endorsement 13, reading as follow:

**SUBSIDENCE EXCLUSION**

This endorsement modifies insurance provided under the following:

**Commercial Umbrella Liability Policy**

This policy does not apply to any liability arising out of:

the subsidence, settling, slipping, falling away, caving in, shifting, eroding, rising, tilting or any other movement of land, earth or mud.

14.

The allegations of the petition and the undisputed facts developed in the underlying lawsuit show that the alleged liability arises out of the subsidence, settling, slipping, falling away, caving in, shifting, eroding, rising, tilting or other movement of land, earth or mud. Based upon the Subsidence Exclusion, RSUI is entitled to a judgment declaring that its policy provides no coverage for the liability asserted against Pierce in the underlying lawsuit.

15.

RSUI does not necessarily limit this claim for relief to the Subsidence Exclusion, and reserves the right to rely upon any and all other provisions, endorsements or exclusions of the policy which may be found relevant.

## Relief Requested

16.

RSUI is entitled to a judicial declaration that the subject policy provides no coverage to Pierce for the liability, losses and damages requested by Matthew A. Girouard in the underlying lawsuit.

WHEREFORE, plaintiff prays that after due proceedings, that there be judgment herein in favor of plaintiff, RSUI Indemnity Company, and against defendants, Pierce Construction, Inc. and Matthew A. Girouard, declaring that the RSUI policy number NHN033822 provides no coverage for the claims asserted by Matthew A. Girouard against Pierce Construction, Inc. in the underlying lawsuit and that RSUI has no duty to defend or indemnify Pierce in any way related to the underlying lawsuit. RSUI Indemnity Company further prays for all other general equitable relief which the Court deems just and proper in the premises.

Respectfully Submitted,

**HEBBLER & GIORDANO, L.L.C.**
*Attorneys at Law*

/s/ Thomas M. Young
THOMAS M. YOUNG (#7547)
GEORGE P. HEBBLER, JR. (#6722)
Hebbler & Giordano, L.L.C.
3501 North Causeway Blvd., Suite 400
Metairie, Louisiana 70002
Telephone: (504) 833-8007
Facsimile: (504) 833-2866
Email: young@hebblergiordano.com